IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ROBERTO ROCA BUIGAS, et al.,** | **CIVIL NO. 19-1044 (DRD)** |
| *Plaintiffs,* | |
| v. | |
| **LM WASTE SERVICES CORP., et al.,** | |
| *Defendants.* | |

## ORDER

Pending before the Court is Plaintiffs *Motion for Writ of Prejudgment Attachment or Garnishment*. *See* Docket No. 93. Plaintiffs moved for attachment or garnishment to obtain payments of amounts allegedly due, based on their belief that they had entered into a private settlement agreement ("PSA") with the Defendants where "the parties agreed that LM Waste owed [Roberto Roca Buigas] the principal amount of $1,470,000.00, plus a negotiated interest amount of $325,000.00." *Id.* at 3. Plaintiffs' belief stems from the terms created in a "hand-written yellow legal-pad paper at the time of the court-scheduled conference" that was signed by both parties. *Id.* Based on this agreement, the Parties moved for voluntary dismissal of the claims and the Court accepted the Parties' request. *Id.* at 4.

On March 3, 2021, Defendants filed an *Opposition to Plantiffs' Request for Writ of Prejudgment Attachment or Garnishment*. *See* Docket No. 109. Defendants argue that the "requirements to issue a writ of prejudgment attachment or garnishment of property or funds . . . are not present in this case." *Id.* at 2. Defendants further argue that "there is no valid

agreement or contract of any kind between the parties" and as such, "the writ of prejudgment attachment or garnishment of property or funds . . . must be denied." *Id.* at 9.

## ANALYSIS

Under Rule 64 of the Federal Rules of Civil Procedure, "at the commencement or throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a property to secure satisfaction of the potential judgement" and specifically lists "attachment" and "garnishment" as available remedies under this rule. *See* Fed. R. Civ. P. 64. In other words, "provisional remedies are only available under the circumstances and in the manner provided by the law of the state in which the federal court is located." *Buscaglia v. Vasarely*, No. 09-2196 (JAG), 2010 WL 2733703, at *3 (D.P.R. July 8, 2010). As such, Rule 56 of the Puerto Rico Code of Civil Procedure governs over the provisional remedies requested in this case, and allows a Plaintiff to "move, before or after judgment is entered, for the provisional attachment of a Defendant's property to 'secure satisfaction of the judgment.'" *Id.*

Rule 56 grants the Court "ample discretion in deciding whether to issue an order for provisional remedies." *Vera-Velez v. Diaz-Sanchez*, No. 06-2127 (SEC), 2009 WL 2929337, at *2 (D.P.R. Sept. 8, 2009). The Puerto Rico Supreme Court has construed this procedural rule expansively in ruling that the Court's "only limitation is that the measures [or provisional remedies] be reasonable and adequate to the essential purpose of the [case], which is to guarantee the effectiveness of the judgment." *HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 910, 914 (1988) (quoting *F.D. Rich Co. v. Superior Court*, 99 D.P.R. 155, 173 (1970)). Furthermore, "the applicable provisions must be interpreted broadly and liberally,

2

granting the remedy that best ensures the claim and that least inconvenience causes the defendant." *Citibank v. ACBI*, 200 PRSC 724, 732 (2018). Nevertheless, the lawfulness of a prejudgment attachment or garnishment depends "on the validity of the plaintiff's claim against the defendant." *Garcia-Guzman v. Villoldo*, 273 F.3d 1, 6 (1st Cir. 2001). As such, under Puerto Rico law, "if the court determines that the plaintiff's claim against the defendant has no merit, it follows that [the plaintiff] has no right to the defendant's property, and that the attachment was unwarranted." *Id.* Thus, in determining if a prejudgment remedy is valid, the Court must consider whether the requested remedy is "(1) provisional; (2) has the objective of ensuring the effectiveness of the Court's future judgment; and (3) takes into account the interests of both parties, as required by substantial justice and the circumstances of the case." *Citibank v. ACBI*, 200 PRSC 724, 733 (2018).

However, before this determination is made by the Court, Rule 56.2 of the Puerto Rico Code of Civil Procedure requires that "no provisional remedy shall be granted, modified, set aside, nor shall any action be taken thereon without notice upon the adverse party and a hearing." *Rivera Rodriguez & Co. v. Lee Stowell*, 133 D.P.R. 881, 895 (1993) (citing Rule 56.2 of the Puerto Rico Code of Civil Procedure, P.R. Laws Ann. T. 32 Ap. V, § 56.2) Moreover, Rule 56.3 of the Puerto Rico Code of Civil Procedure mandates that any plaintiff who seeks "a provisional order to secure the effectiveness of a judgment" must post bond to respond for all damages and prejudices that may be caused as a result of the order. *M. Quilichini Sucrs., Inc. v. Villa Inv. Corp.*, 112 D.P.R. 322, 324 (1982). Thus, the validity of the prejudgment remedy sought cannot be determined at this time. Instead, the Court must, in compliance with the Due Process Clause of the Fourteenth Amendment, hold a pre-judgment attachment hearing before deciding whether

3

to grant the provisional remedy Plaintiffs seek in the present case. This is because "even the temporary or partial impairments to property rights that attachment, liens, and similar encumbrances entail are sufficient to merit due process protection." *Connecticut v. Doehr*, 501 U.S. 1, 11 (1991).

The hearing is an important step in the Court's ultimate determination since an "issuance of a writ of attachment without notice of prior hearing heightens the risk of an erroneous determination that could unjustly deprive an owner of his property interest." *Rivera Rodriguez & Co. v. Lee Stowell*, 133 D.P.R. 881, 898 (1993). Furthermore, the "adequate notice and effective opportunity to be heard prior to the deprivation of an individual's property rights [is] a fundamental part of [the] due process [requirement]," which "appl[ies] to attachments, regardless of whether such takings are temporary." *Id.* at 891. Upon conducting the preattachment hearing, the Court will make a final determination regarding the attachment bond.

For the aforementioned reasons, the Court hereby **HOLDS IN ABEYANCE** the issuance of a writ of prejudgment attachment or garnishment, and in turn, hereby sets a Pre-Judgment Attachment Hearing on August 12, 2021 at 2:30 p.m. at the Old San Juan Courthouse to determine whether a prejudgment attachment over defendant's property is proper.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of August, 2021.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge