IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROBERTO ROCA BUIGAS, KATYA MOLERO RABASSA, AND THE CONJUGAL PARTNERSHIP FORMED BETWEEN THEM<br><br>Plaintiffs<br><br>v.<br><br>LM WASTE SERVICES CORP., FRANCISCO RIVERA FERNÁNDEZ<br><br>Defendants | CIVIL NO. 3:19-cv-01044 (DRD)<br><br>BREACH OF CONTRACT, SPECIFIC PERFORMANCE; COLLECTION OF MONIES; AND DAMAGES |

**OPPOSITION TO "*EMERGENCY MOTION REQUESTING ORAL ARGUMENT AND EXPEDITE ADJUDICATION OF POST-JUDGMENT MOTIONS*" (DCKT. 209)**

TO THE HONORABLE COURT:

COMES NOW, co-defendant FRANCISCO RIVERA FERNÁNDEZ represented by the undersigned attorney and very respectfully STATES and PRAYS as follows:

### I. INTRODUCTION

On December 6, 2022, Plaintiffs' filed "*Urgent Motion Requesting Oral Argument and Expedite Adjudication of Post- Judgment*" (Dkt. 209) alleging again that LM Waste is insolvent and does not have any assets for Plaintiffs' to collect the judgment entered on March 29, 2022. Thus, claiming Mr. Francisco Rivera-Fernández ("Rivera") is obliged to guarantee the payment and so his personal assets must be subject to a post-judgment attachment, garnishment, or seizure to satisfy the judgment.

1

Nevertheless, the appearing parties hereby oppose Plaintiffs' *"Urgent Motion Requesting Oral Argument and Expedite Adjudication of Post- Judgment"* (Dkt. 209) because this Honorable Court had already ruled on the same issue in the Pre-Attachment Hearing and concluded in an *Opinion and Order* (Dckt. 156) that Rivera was merely a guarantor with the benefit of levy against the principal debtor and had discharged his duty to identified LM Waste's assets to Plaintiffs sufficient to secure the potential judgment that was finally was issued on March 29, 2022 (Dckt. 192), thus, issue preclusion applies here.

By the same token, this Court in its Opinion and Order ruling on plaintiffs' motion for summary judgment (Doc. No. 190) ruled that Rivera is a guarantor and as such is entitled to the benefit of a levy against the principal. Said ruling coupled with the ruling that Rivera in the pre-attachment hearing pointed to plaintiffs to LM Waste's assets sufficient to cover the debt disposes of plaintiffs' request for an order of execution against Rivera. <u>More so, when plaintiffs have failed to show that they have pursued in some fashion said assets</u>.

Plainly, to allege in a generalized and conclusory fashion that LM Waste has no assets to cover the judgment in this case is insufficient as a matter of law to by pass Rivera's recognized entitlement as a guarantor to the benefit of levy against the principal before any attempt to reach his assets.

## II.   APPLICABLE LAW AND DISCUSSION

The doctrine of collateral estoppel, or issue preclusion, is a branch of res judicata, which is the umbrella term. <u>Aristud–Gonzalez v. Gov't Dev. Bank</u>, 501 F.3d 24, 27 (1st Cir. 2007). The doctrines of res judicata and collateral estoppel

2

preclude relitigation of claims and/or issuesthat have been or could have been litigated in a prior judicial action where judgment has been rendered. *Apparel Art Int'l, Inc. v. Amertex Enter. Ltd.*, 48 F.3d 576, 583 (1st Cir. 1995).

The First Circuit has indicated that "res judicata operates as an absolute bar to the relitigation of the same cause of action between parties (or their privies) and that a prior judgment rendered on the merits is conclusive not only to the issues which were determined but as to all matters which might have been determined as well." *Westcott Constr. Corp. v. Firemen's Fund*, 996 F.2d 14, 16 (1st Cir. 1993) (citing *Griffin v. Rhode Island*, 760 F.2d 359, 360 (1st Cir. 1991)).

Res judicata applies when a final judgment on the merits of the case has been issued, and there is sufficient identity between the parties and the causes of action in both suits. *Ortiz– Cameron v. Drug Enforcement Admin.*, 139 F.3d 4, 5 (1st Cir. 1998) (citation omitted). Accordingly, pursuant to federal res judicata principles, the previous judgment has become the law of the case, and the Court is barred from addressing the issue for a second time. *United States v. Mendoza,* 464 U.S. 154, 163 (1984) ("The doctrine of res judicata, of course, prevents [a party] from relitigating the same cause of action against the parties to a prior decision . . . .").

As to collateral estoppel, federal common law governs the preclusive effect of an earlier federal judgment. *Negron-Fuentes v. UPS Supply Chain Solutions*, 532 F.3d 1, 7 (1st Cir. 2008); *Hoult v Hoult*, 157 F.3d 29, 31 (1st Cir. 1998). "The principle of collateral estoppel, or issue preclusion . . . bars relitigation of any factual or legal issue that was actually decided in previous litigation between the

parties, **whether on the same or a different claim**." <u>Keystone Shipping Co. v. New England Power Co.</u>, 109 F.3d 46, 51 (1st Cir. 1997) (quotation marks and citation omitted); see <u>Negron-Fuentes</u>, 532 F.3d at 7. "The purpose of [the doctrine of collateral estoppel] is to prevent a party from relitigating an issue where there has been full and fair litigation, including an opportunity to appeal . . . ." <u>In re Kane</u>, 254 F.3d 325, 329 (1st Cir. 2001).

Subject to various exceptions, collateral estoppel "renders conclusive the determinations reached in previous lawsuits" between the same parties. <u>Negron-Fuentes</u>, 532 F.3d at 7 (citation omitted). An earlier federal judgment has preclusive effect if "(1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment." <u>LatinAm. Music Co.Inc.v. Media Power Grp., Inc.</u>, 705 F.3d 34, 42 (1st Cir. 2013) (quoting <u>Mercado-Salinas v. Bart Enters. Int'l, Ltd.</u>, 671 F.3d 12, 21-22 (1st Cir. 2011))

### A. The Preclusive Effect of the Opinion and Order (Dckt. 156) on a Post-judgment attachment, Garnishment, or Seizure Against Mr. Francisco Rivera-Fernández's Property to Satisfy the Judgment Issue and of the Opinion and Order (Dckt. 190) ruling that Rivera was a guarantor with the benefit of levy

This Honorable Court knows very well that on August 30, 2021, a Pre-Attachment Hearing was held where Plaintiffs litigated the exact same issue that they are trying to re-litigate at this stage and presented their evidence to said effect and Defendants were afforded the opportunity to be heard and cross-examine Roca-Buigas regarding the availability of funds to satisfy a potential

4

judgment in favor of Plaintiffs'.  Also, Rivera presented evidence in the hearing. (Docket No. 146)

After the Pre-Attachment Hearing this Honorable Court issued an *Opinion and Order* (Dckt. 156) that is final where specifically at page nine (9) stated the following:

> "**Therefore, the Court finds that an attachment as to LM Waste's account receivables fulfills the purpose of securing satisfaction of a potential judgment in favor of Plaintiffs**. **The prejudgment attachment cannot extend to Rivera-Fernández at this time, as he is the guarantor of the contract not a joint and several liable debtor. The funds subject to the prejudgment attachment have been properly identified by the Defendant.** All that is left is for the Court to determine whether a *pendente lite* bond is required from Plaintiffs in case of damages as a result of the prejudgment attachment."

The fact that this Honorable Court, after listening to the arguments and analyzing the evidence submitted by all the parties in the Pre-Attachment Hearing, ruled that Rivera had already identified to Plaintiffs the necessary funds to secure the judgment is *res judicata* in the form of collateral estoppel and Plaintiffs cannot re-litigate that exact same issue again at this stage.

If Plaintiffs believed that the ruling of this Honorable Court in the *Opinion and Order* (Dckt. 156) was not favorable to them, they must have timely appealed it and they did not do it.

By the same token, the Court's Opinion and Order (Docket 190) ruling in plaintiffs' motion for summary judgment adjudicated that was Rivera a guarantor with the benefit of a levy against the principal.

5

Plaintiffs' request for an order of execution of judgment is a collateral challenge to this Court's ruling as to Rivera's status as a guarantor with the benefit of levy.  If plaintiffs were not satisfied with the Court's ruling that Rivera was a guarantor with benefit of levy and that he has met his obligation by pointing the sufficient LM Waste's assets they should have appealed it, but did not.

See, <u>Charles Palmer v. Radisson Hotel International</u>, **45 F. Supp. 2d 162 (D.P.R. 1999), where Senior District Judge, Hon. Jaime Pieras stated the following:**

> "The judgment entered by Judge Domínguez was only partly favorable to Defendants. Defendants had sought a dismissal with prejudice, while the court granted a dismissal without prejudice, ruling in favor of Plaintiff as to the statute of limitations issue. A judgment is final if it is not appealed. *See* <u>Cadorette v. U.S.,</u> 988 F.2d 215, 222 (1st Cir.1993). **A party obviously cannot appeal a decision entirely in its favor, but can appeal "from the parts of a generally favorable order that are unfavorable."** <u>LaBuhn v. Bulkmatic Transport Co.,</u> **865 F.2d 119, 122 (7th Cir.1988). Thus, since Defendants did not appeal the statute of limitations determination, it is considered a final judgment for the purposes of issue preclusion**. *See* <u>Cochran v. M & M Transp. Co.,</u> 110 F.2d 519, 523 (1st Cir.1940); <u>Shaw v. Merritt-Chapman & Scott Corp.,</u> 554 F.2d 786, 789 (6th Cir. 1977)."

Thus, since Plaintiffs did not appeal neither the ruling of the *Opinion and Order* (Dckt. 156) that concluded that Rivera had identified LM Waste's assets funds to secure the potential judgment nor the Opinion and Order (Doc. 190) that finally ruled that Rivera was a guarantor, it follows that they are bound by said rulings.

### III. CONCLUSION

For the reasons stated above, we respectfully move the Court to rule that Plaintiffs cannot re-litigate at this stage the issue of a post-judgment attachment, garnishment, or seizure against Rivera's personal property to satisfy the judgment for he has the benefit of levy and has pointed to debtor's assets sufficient to satisfy the judgment and plaintiffs have failed to move against said assets.

Thus, in the instant case this Honorable Court should not grant the Motions for Execution of Judgment requested by Plaintiffs'.

**RESPECTFULLY SUBMITTED.**

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Office of the United States Trustee, and all CM/ECF participants.

In San Juan, Puerto Rico, this 7th day of December 2022.

S/: ENRIQUE J. MENDOZA-MENDEZ
ENRIQUE J. MENDOZA MÉNDEZ
***MENDOZA LAW OFFICES***
P.O. Box 9282
San Juan, P.R. 00908-0282
Tel. (787) 722-5522; 5530; 5540
Fax. (787) 723-7057
E-mail: mendozalo@yahoo.com