**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **ROBERTO ROCA BUIGAS, et al.,**  *Plaintiffs,*  v.  **LM WASTE SERVICES CORP., et al.,**  *Defendants.* | **CIVIL NO. 19-1044 (DRD)** |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs, Roberto Roca-Buigas and Katya Molero-Rabassa's (hereinafter, "Roca-Buigas," "Molero-Rabassa, and collectively, "Plaintiffs") *Motion for Execution of Judgment* (Docket No. 197)[1]. The Defendants, LM Waste Services, Corp. (hereinafter, "LM Waste") and Francisco J. Rivera-Fernández (hereinafter, "Rivera-Fernández" and collectively, "Defendants") filed a *Response in Opposition* thereto. *See* Docket No. 201. A *Reply* ensued shortly thereafter. *See* Docket No. 203. For the reasons stated herein, the Court **GRANTS** Plaintiffs' *Motion for Execution of Judgment* (Docket No. 197).

On March 29, 2022, the Court issued an *Opinion and Order* granting in part and denying in part Plaintiffs' *Motion for Summary Judgment*. *See* Docket No. 190. Therein, the Court essentially found that "since January 5, 2017, LM Waste owes Plaintiffs the total sum of **$1,771,513.29**, plus applicable interests, while Rivera-Fernández is obliged to guarantee the payment thereof." Docket No. 190 at p. 33. Judgment is favor of Plaintiffs was accordingly entered. *See id.*

As a result thereof, Plaintiffs moved for execution of judgment against Rivera-Fernández's personal assets. Docket No. 197. Their main argument rests upon the fact that "LM Waste is

---

[1] Plaintiffs reiterated their request by motions at Docket Nos. 207 and 209. The Defendants timely opposed. *See* Docket No. 210.

insolvent and does not have any assets where Roca-Buigas can collect the judgment amount. Thus, as guarantor of all amounts LM Waste owes Plaintiffs, Rivera-Fernández is obliged to guarantee the payment thereof." *Id.* at p. 2. In support thereof, Plaintiffs submitted extracts of the deposition taken to Marcos Vélez-Green in representation of LM Waste where the following information was obtained:

> LM Waste does not know what amounts it has been able to collect; what exact amounts are still pending or who owes exactly any amounts to LM Waste. LM Waste has tried to collect some of the debts and has failed to do so. LM Waste has the same amount in account receivables since 2018, acknowledging that it has not collected a cent since then. Thus, LM Waste has no realizable assets from which it can satisfy the judgment.

*See id.* at p. 5-6; *see also* Docket No. 151 at pp. 4-6. In fact, as of today 416 debtors owe amounts to LM Waste. *See* Docket No. 172-1 at pp. 13-23. Therefore, it is reasonable to conclude that "LM Waste does not have assets from which Plaintiffs can collect their judgment." Docket No. 197 at p. 6.

Plaintiffs also rely on LM Waste's *Response to Request for Production of Documents* (Docket No. 172-1), where the corporation confirmed that besides from three (3) collection actions filed against the municipalities of San Germán, Juana Diaz and Isabela, LM Waste has made no other attempt to collect any of the amounts owed by the debtors during the past six (6) years. *See* Docket No. 172-1.

Lastly, Plaintiffs argue that when LM Waste moved for bankruptcy protection, it "admitted under oath that it had no inventory, fixed assets, operating accounts, payroll accounts, tax accounts, investment account, nor petty cash." Docket No. 197 at p. 8. Therefore, "LM Waste is insolvent and incapable of satisfying the *Judgment* entered in favor of Plaintiffs, therefore Rivera-Fernández's assets should be subject to post-judgment attachment." *Id.* As such, "the account receivables are not realizable assets from which Plaintiffs can collect their judgment." *Id.*

In *Opposition*, the Defendants argue that pursuant to the Court's *Opinion and Order*, "Rivera was merely a guarantor with the benefit of levy against the principal debtor and had

discharged his duty to identified LM Waste's assets to Plaintiffs sufficient to secure the potential judgment that was finally issued on March 29, 2022 [], thus, issue preclusion applies here." Docket No. 201 at 2. In fact, the Defendants claim that "plaintiffs have failed to show that they have pursued in some fashion said assets." *Id.* In any event, "Plaintiffs' request for an order of execution of judgment is a collateral challenge to this Court's ruling as to Rivera's status as a guarantor with the benefit of levy." *Id.* at p. 6.

## II.     LEGAL STANDARD

### A.    *Execution of Judgment*

Rule 69 of the Federal Rules of Civil Procedure provides that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). "Puerto Rico is deemed the functional equivalent of a state for the purposes of Rule 69(a)." Whitfield v. Municipality Of Fajardo, 564 F.3d 40, 43, fn. 2 (1st Cir. 2009).

In addition, and pursuant to Fed. R. Civ. P. 64, "[a]t the commencement and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." The requirements that are to be met pursuant to Rule 64 are the following: "the provisional remedy must (1) involve a seizure, (2) be entered for the purpose of 'securing satisfaction of the judgment ultimately to be rendered in the action,' (3) be permitted under the law of the forum state, and (4) be issued in a manner compatible with state law. HMG Prop. Invs., Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 913 (1st Cir. 1988). Once a final judgment is entered, the party "may execute the same . . . at any time within five (5) years after it becomes final." P.R. Laws Ann. tit. 31, Ap. I, § 51.1.

**B.     Provisional Remedies**

Rule 56 of the Puerto Rico Rules of Civil Procedure governs over the provisional remedies afforded in this case, and allows Plaintiffs to "move, before or after judgment is entered, for the provisional attachment of a Defendant's property to 'secure satisfaction of the judgment.'" *Id.* Rule 56.1 provides that:

> [B]efore or after entering judgment, and on motion of claimant, the Court may issue any provisional order it may deem necessary to secure satisfaction of the judgment. The Court may order the attachment [or] garnishment ... of personal property ... or it may order any other measure it deems necessary, according to the circumstances of the case.

P.R. Laws Ann. tit. 31, Ap. I, § 56.1.

Rule 56 affords the Court "ample discretion in deciding whether to issue an order for provisional remedies." Vera-Velez v. Diaz-Sanchez, No. 06-2127 (SEC), 2009 WL 2929337, at *2 (D.P.R. Sept. 8, 2009) (emphasis ours). The Puerto Rico Supreme Court has construed this procedural rule expansively in ruling that the Court's "only limitation is that the measures [or provisional remedies] be reasonable and adequate to the essential purpose of the [case], which is to guarantee the effectiveness of the judgment." HMG Property Investors, Inc., 847 F.2d at 914 (1988) (quoting F.D. Rich Co. v. Superior Court, 99 D.P.R. 155, 173 (1970)). Furthermore, "the applicable provisions must be interpreted broadly and liberally, granting the remedy that best ensures the claim and that least inconvenience causes the defendant." Citibank v. ACBI, 200 P.R. Dec. 724 (2018). Nevertheless, the lawfulness of a prejudgment attachment or garnishment depends "on the validity of the plaintiff's claim against the defendant." Garcia-Guzman v. Villoldo, 273 F.3d 1, 6 (1st Cir. 2001).

As such, under Puerto Rico law, "if the court determines that the plaintiff's claim against the defendant has no merit, it follows that [the plaintiff] has no right to the defendant's property, and that the attachment was unwarranted." *Id.* Thus, in determining if a prejudgment remedy is valid, the Court must consider whether the requested remedy is "(1) provisional; (2) has the objective of ensuring the effectiveness of the Court's future judgment; and (3) takes into account

4

the interests of both parties, as required by substantial justice and the circumstances of the case." Citibank, 200 P.R. Dec. at 733.

In fact, provisional remedies are also available to plaintiff to secure satisfaction of a judgment already entered. See Vera-Velez, 2009 WL 2929337 at *2. Such remedies include attachment and garnishment. Fed. R. Civ. P. 64(b). However, "provisional remedies are only available under the circumstances and in the manner provided by the law of the state in which the federal court is located." Buscaglia v. Vasarely, No. 09-2196 (JAG), 2010 WL 2733703, at *3 (D.P.R. July 8, 2010). In sum, "'[t]he court may issue any provisional order it may deem necessary' and 'shall consider the interests of all the parties and shall adjudicate as substantial justice may require.'" Detersol, S.A. de C.V. v. Benso Corp., Civ. No. 11-1341 (MEL), 2011 WL 4371917, at *3 (D.P.R. Sept. 19, 2011) (quoting P.R. Laws Ann. tit. 31, Ap. I, § 56.1). But ultimately, "flexibility is the hallmark of Rule 56." Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 71 (1st Cir. 2002).

### C.   *Security Obligation*

Article 1729 of the Puerto Rico Civil Code provides that, "[b]y security a person binds himself to pay or perform for a third person [or corporation] in case the latter should fail to do so." P.R. Laws. Ann. Tit. 31 § 4871. There are several types of security, to wit, "conventional, legal, or judicial, gratuitous, or for a valuable consideration." *Id.*, § 4872. Specifically, Article 1733 provides that, "[a] creditor may cite the surety should he institute the claim against the principal debtor, but the benefit of a levy against the principal shall always be reserved, even when a judgment is rendered against both of them." *Id.*, § 4895. However, "[i]n order that the surety may avail himself of the benefit of a levy against the principal, he must require it of the creditor as soon as the latter may sue for payment, and determine the property of the debtor which can be sold within the Commonwealth of Puerto Rico and which may be sufficient to cover the amount of the debt." *Id.*, § 4893. If the aforementioned conditions are met by the guarantor, "the creditor who is negligent in making a levy upon the property of the principal designated, shall be liable to the

extent of the value of said property for the insolvency of the debtor arising from said negligence."

*Id.*, § 4894. Finally, pursuant to Article 1726,

> [s]ecurity is not presumed; it must be express and cannot be extended further than that specified therein. <u>If it be simple and indefinite it shall include not only the principal obligation but all its accessories, including the costs of the suit</u>, it being understood, with regard to the latter, that the surety shall only be liable for those incurred after he has been asked to pay.

*Id.*, § 4876 (emphasis ours).

### III.   LEGAL ANALYSIS

Plaintiffs seek attachment, garnishment and/or seizure of Rivera-Fernández's property and funds pursuant to Fed. R. Civ. P. 69, given that "LM Waste is insolvent and incapable of satisfying the *Judgment* entered in favor of Plaintiffs, therefore Rivera-Fernández's assets should be subject to post-judgment attachment." Docket No. 197 at 8. As such, "the account receivables are not realizable assets from which Plaintiffs can collect their judgment." *Id.*

In turn, the Defendants claim that "[t]he fact that [the Court], after listening to the arguments and analyzing the evidence submitted by all the parties in the Pre-Attachment Hearing, ruled that Rivera had already identified to Plaintiffs the necessary funds to secure the judgment is *res judicata* in the form of collateral estoppel and Plaintiffs cannot re-litigate that exact same issue again at this stage." Docket No. 201 at p. 5. The Court disagrees with the Defendants' interpretation of the ruling and explains.

Specifically, when making its ruling as to a prejudgment attachment, the Court stated that,

> [t]herefore, the Court finds that an attachment as to LM Waste's account receivable fulfills the purpose of securing satisfaction of a potential judgment in favor of Plaintiffs. <u>The prejudgment attachment cannot extend to Rivera-Fernández at this time</u>, as he is the guarantor of the contract not a joint and several liable debtor. The funds subject to the prejudgment attachment have been properly identified by the Defendant.

Docket No. 156 at p. 9 (emphasis ours). The Court reiterates that extending the prejudgment attachment to Rivera-Fernández when the litigation was still ongoing was premature. However, more than nine (9) months have elapsed since a final judgment was entered in favor of Plaintiffs,

6

and the Defendants have failed to make collection efforts towards their debtors so that Plaintiffs can collect the judgment. Likewise, LM Waste has recognized that it has no realizable assets from which the judgment may be satisfied.

Considering the criteria for affording the remedy sought by Plaintiffs, the Court finds that all requirements are met as follows. Firstly, the remedy sought by Plaintiffs is provisional, and given the particularity of this case it is both adequate and reasonable. Secondly, this remedy ensures the effectiveness of the Court's judgment determining that LM Waste owes Plaintiffs the total sum of $1,771,513.29 plus interest in the amount of $556,158.10. Considering that due to LM Waste's insolvency, the Defendants cannot point towards realizable assets from which Plaintiffs can collect their judgment, Rivera-Fernández is obliged to guarantee the payment of the judgment as agreed upon on December 5, 2012 in writing. Affording a post-judgment attachment or garnishment against Rivera-Fernández secures the effectiveness of the Court's ruling. And finally, the Court takes into account the interest of both parties when making its ruling, as LM Waste and its president, Rivera-Fernández have avoided complying with the agreement for several years, and this is a proper way for Plaintiffs to finally identify assets sufficient to collect their *Judgment.*

Lastly, the security that was agreed upon between the parties on December 5, 2012 was simple and indefinite, and as such includes "not only the principal obligation but all its accessories" pursuant to Puerto Rico law. P.R. Laws Ann. Tit. 31 § 4876. No limitations were established in the "yellow pad paper" which results in a general security that applies so long that LM Waste cannot fulfill the satisfaction of the judgment. The Defendants insist that "Rivera was merely a guarantor with the benefit of levy against the principal debtor and had discharged his duty to identified LM Waste's assets to Plaintiffs sufficient to secure the potential judgment . . ." Docket No. 201 at 2. However, the Court cannot overlook the fact that LM Waste has made no attempt to collect any of the amounts owed through account receivables for the past six (6) years. *See* Docket No. 172-1. It is undeniable that LM Waste is insolvent and does not have assets where

Plaintiffs can collect the amount owed. In fact, by avoiding conducting collection efforts against its debtors, LM Waste avoids satisfying the judgment in favor of the Plaintiffs.

But ultimately, Rivera-Fernández as sole stock owner of LM Waste from April 9, 2010 until the corporation ceased to exist on December 2018[2], agreed to guarantee the outstanding debt while releasing former LM Waste President, Isidro Barandas-Alonso from any of the claims thereafter. *See* Docket No. 190, Factual Finding ¶ 23. By doing so, Rivera-Fernández obliged himself to guarantee the fulfillment of the settlement agreement in his personal capacity indefinitely should LM Waste be unable to do so. Therefore, considering that the account receivables are not realizable assets from which Plaintiffs can collect the *Judgment* award, the Court will exercise its discretion and allow the execution of judgment with Rivera-Fernández's personal assets.

## V. CONCLUSION

For the aforementioned reasons, the Court hereby **GRANTS** Plaintiffs' *Motion for Execution of Judgment* (Docket No. 197). An *Order* and *Writ* of execution, attachment, garnishment, and seizure is to be accordingly entered.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of January, 2023.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge

---

[2] The Court takes judicial notice of the date of termination of LM Waste Services, Corp. pursuant to the Puerto Rico Department of State, Corporation Registry.