**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| ROBERTO ROCA BUIGAS, KATYA MOLERO RABASSA, AND THE CONJUGAL PARTNERSHIP FORMED BETWEEN THEM<br><br>Plaintiffs<br><br>v.<br><br>LM WASTE SERVICES CORP., FRANCISCO RIVERA FERNÁNDEZ<br><br>Defendants | CIVIL NO. 3:19-cv-01044 (DRD)<br><br>BREACH OF CONTRACT, SPECIFIC PERFORMANCE; COLLECTION OF MONIES; AND DAMAGES |

**MOTION REQUESTING ADJUDICATION OF "*MOTION FOR RELIEF FROM OPINION AND ORDER OF EXECUTION AND WRITS OF ATTACHMENTS*" (*DKT.215*) AND IN OPPOSITION TO CONDUCT DISCOVERY OF MR. RIVERA-FERNÁNDEZ ASSETS**

TO THE HONORABLE COURT:

COMES NOW, co-defendant, Mr. Francisco Rivera Fernández, represented by the undersigned attorney and very respectfully alleges and prays as follows:

1. On January 1, 2023, Mr. Rivera Fernández filed a Motion (Dckt. 125) moving this Honorable Court for relief from the Opinion and Order of Execution of Judgment, and Writs of Attachments (Docs. 211, 212, 212-1) entered in this case. This matter is still under advisement.

2. In the abovementioned motion Mr. Rivera Fernández specifically stated that under FRCP 59 (e) a party can move the Court to modify its earlier disposition because of an erroneous legal result. Marie v. Allied Home Morty Corp., 402 F. 3d 17 (1st Cir. 2005); Fisher v. Kadant, Inc., 589 F.3d 505 (1st Cir. 2005).

3. The starting point here is the Court's prior ruling related to plaintiffs' prejudgment attachment efforts against defendant Rivera-Fernández was a guarantor with the right of application ("excusión de bienes") and that he had duly comply with his duties as such by identifying with specificity LM Waste's funds subject to attachment. (Doc. 156, at. p. 9).

4. Happens to be that up to this date plaintiffs has <u>failed</u> to come forward evidencing any reasonable efforts to collect against the debtor LM Waste's assets.

5. Put simply, plaintiffs has proven no reasonable efforts to collect against debtor LM Waste's assets.

6. This is fatal to plaintiffs' execution moves against Rivera-Fernández.

7. Rivera Fernández' right of application ("excusión de bienes") as a guarantor cannot be discarded at this stage of the proceedings.

8. The applicable law to this matter is the Puerto Rico Civil Code of 1930.

9. Rivera Fernández as a guarantor comes within the purview of Article 1729 of the Puerto Rico Civil Code of 1930; 31 Laws of P.R. Anno. 4891:

> <u>When surety required to pay creditor</u>
>
> The surety cannot be compelled to pay a creditor until application has been previously made of all property of the debtor.

10. Article 1729 provides the guarantor the benefit of application ("excusión de bienes"). <u>See,</u> <u>Black's Law Dictionary,</u> 14th Ed: "<u>Excussio,</u> Civil law. A diligent prosecution of a remedy against the principal debts before resorting to his sureties. Old English law. Rescue or rescues."

11. Rivera Fernández (the guarantor here) has not renounced to the benefit of application ("excusión de bienes"). It was affirmatively raised it.

12. Article 1729 clearly states that a guarantor cannot be compelled to pay a creditor until application has been made of debtor's assets.

13. The creditor can summon a guarantor when he sued the main debtor, but the benefit of excusión will always be safe, even if judgment is passed against both. Article 1733 of the Puerto Rico Civil Code of 1930, 31 Laws of P.R. Anno 4895.

14. Note that the guarantor's application rights were not changed with the enactment of the Puerto Rico Civil Code of 2020. See, Articles 1483 and 1484 of the Puerto Rico Civil Code of 2020.

15. For the guarantor to take advantage of the benefit of application, he must oppose it to the creditor and point him out assets of the debtor the are located within the Commonwealth of Puerto Rico which are sufficient to cover the amount of the debt. Article 1731 of the Puerto Rico Civil Code of 1930, 31 Laws of P.R. Anno. 4893.

16. If the guarantor meets these conditions, "the creditor who is negligent in making a levy upon the property of the principal designated shall be liable the extent of the value of the insolvency of said property for the insolvency of the debtor arising from said negligence". Article 1732 of the Puerto Rico Civil Code of 1930, 31 Laws of P.R. Anno 4894.

17. At the hearing held before this Court Rivera Fernández pointed to plaintiffs as to LM Waste's assets in the form of account receivables amounting to $9,453,695.25. (Exhibit 17, Hearing Exhibit).

18. Thus, Rivera Fernández has discharged his duties as a guarantor claiming the right of excusion of assets by pointing to creditor as to debtor's assets sufficient to cover the debt claimed.

19. The Court notes that LM Wastes has failed to make collection efforts so the plaintiffs can collect the judgment. (Doc. 211, at pages 6-8).

20. Nevertheless, LM Waste's alleged inaction does <u>not</u> deprive Rivera-Fernández' right of application as a guarantor.

21. The analysis as it relates to the right of application centers on plaintiffs' own efforts to collect against LM Waste's assets <u>not</u> on LM Waste's efforts to collect its credits.

22. Also, the Court concluded that LM Waste's account receivable are not realizable assets. Nevertheless, plaintiffs had failed to advance any efforts to collect from said assets. As a matter of fact, plaintiffs obtained a pre-judgment writ of attachment against LM Waste's assets contingent upon posting and adequate bond and never posted said bond less acted against LM Waste's assets.

23. Rivera-Fernández duly complied with his duty to specify assets for the debtor. <u>Polanco v. Goffinet,</u> 33 D.P.R. 319 (1924); <u>Fantauzzi v. Vázquez,</u> 22 D.P.R. 671 (1919). In turn, plaintiffs made no efforts at collection from said assets.

24. Whether the specified assets were seizable is contingent upon efforts to do so and none were done here.

25. The guarantor benefit of application exists even when judgment is rendered Article 1733 of the Puerto Rico Civil Code of 1930.

26. Rivera Fernández cannot be deprived of his right of application.

27. Lastly, the Court erroneously considered that LM Waste ceased to exist in December 2018 and thus, rendering Rivera Fernández liable for corporate debts.

28. As is relevant here, LM Waste continues as a corporate body as per Article 9.08 of the General Law of Corporations, 14 L.P.R.A. § 3708, which provides as follows:

4

> "Any corporation that is extinguished by its own limitation or that is otherwise dissolved, will continue as a corporate body for a period of three (3) years from the date of extinction or dissolution or for such longer period as the Court of First Instance (Superior Chamber) in the exercise of its discretion disposes for the purpose of pursuing the lawsuits filed by the corporation and continuing with the defense of the corporation. lawsuits brought against it, whether criminal or administrative, as well as for the purpose of liquidating and terminating the business, fulfilling its obligations and distributing the remaining assets to shareholders. You may not continue the legal personality for the purpose of continuing the business for which said corporation was created. With respect to any action, suit or proceeding brought or instituted by or against the corporation prior to its termination or within three (3) years of its termination or dissolution, the corporation shall continue as a corporate entity after a period of three (3) years and until any judgments, orders or decrees with respect to the shares are fully enforced, lawsuits or proceedings expressed above, without the need for any special provision to that effect by the Court of First Instance (Upper Chamber)."

29. As we can see, this Article grants LM Waste the right to continue in the ongoing proceedings to their ultimate consequences and to operate via its final dissolution.

30. <u>Miramar Marine et al v. Citi Walk et al,</u> 198 D.P.R. 684 (2017) makes it clear that Art. 9.08 is a so-called survival statute and ruled that while a corporate entity is in a liquidation process the stock owners are not obliged to shoulder corporate debts.

> Asimismo, sería incorrecto concluir que los accionistas son los nudos propietarios de los bienes de la corporación luego de expirado el plazo dispuesto por el Art. 9.08 de la Ley de Corporaciones, supra, según alega Miramar Marine. Eso implicaría, como consecuencia inescapable, que las deudas y obligaciones también se les transferirían a los accionistas. Este resultado sería contrario a los preceptos de nuestro Derecho, que establece que las corporaciones tienen una personalidad jurídica distinta y separada de la de sus accionistas y las convertiría en meros DBA's (*Doing Business As*). (Id, at p. 698)

31. Additionally, Plaintiffs resort to discovery for execution for judgment purposes against Rivera under Rule 51.4 of the Puerto Rico Rules of Civil Procedure, 32 L.P.R.A. App V. is inapposite here.

32. Rule 51.4 of the Puerto Rico Rules of Civil Procedure, *supra*, states as follows:

> "El acreedor o la acreedora declarado por sentencia, o su cesionario o cesionaria, podrá interrogar, en auxilio de la sentencia o de su ejecución, a cualquier persona, incluso al deudor declarado o deudora declarada por sentencia, de acuerdo con lo dispuesto en estas reglas para la toma de deposiciones. Si la deposición se realiza mediante preguntas escritas, la citación para la toma de la deposición podrá disponer que no es necesaria la comparecencia personal del deudor de la deudora o deponente en virtud de la citación, siempre que con anterioridad a la fecha fijada para la toma de la deposición éste o ésta haga entrega al acreedor o a la acreedora por sentencia, o a su abogado o abogada de sus contestaciones juradas a las preguntas escritas que se le hayan notificado. El tribunal podrá dictar cualquier orden que considere justa y necesaria para la ejecución de una sentencia y para salvaguardar los derechos del acreedor o acreedora, del deudor o deudora, y de terceros en el proceso."

33. Said discovery is only available for execution purposes against the Judgment debtor. In here, said discovery against Rivera Fernández is not ripe, the Judgment is quite clear that Rivera Fernández is not a debtor but a warrantor and is entitled to the benefit of application ("excusion de bienes") prior to any collection efforts against him.

34. Plaintiffs have not demonstrated to have exhausted the required application and therefore is barred from overreaching Rivera Fernández assets in order to collect the Judgment in this matter.

Wherefore we hereby move the Court to issue an Order barring the discovery for execution purposes against Rivera assets up and until Plaintiffs has made the required showing that it has effectively exhausted any application efforts that would then give way to access Rivera's assets to be held to answer in this matter as warrantor.

RESPECTFULLY SUBMITTED.

CERTIFICATE OF SERVICE**:** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all CM/ECF participants.

In San Juan, Puerto Rico, this 20th day of July of 2023.

S:/<u>ENRIQUE J. MENDOZA MÉNDEZ</u>
RUA Núm. 8304

*MENDOZA LAW OFFICES*
P.O. Box 9282
San Juan, P.R. 00908-0282
Tel. (787) 722-5522; 722-5530;
Fax. (787) 723-7057
E-mail: mendozalo@yahoo.com